NOT DESIGNATED FOR PUBLICATION

Nos. 123,392
123,393
123,394

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AMANDA G. BOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed November 19, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Amanda G. Boyd appeals the district court's revocation of her probation and the imposition of her underlying prison sentence. She asserts the district court abused its discretion by revoking her probation.

We granted Boyd's unopposed motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After reviewing the record on appeal and finding no error, we affirm the district court's decision.

1

FACTUAL AND PROCEDURAL HISTORY

On March 17, 2017, Boyd pled guilty to various charges in three separate cases. In case No. 16-CR-2739, Boyd pled guilty to one count each of burglary (a severity level 7 nonperson felony) and theft (a severity level 9 nonperson felony). In case No. 16-CR-3011, Boyd pled guilty to one count each of theft (a class A nonperson misdemeanor); possession of methamphetamine (a severity level 5 drug felony); battery (a class B person misdemeanor); and interference with law enforcement (a class A nonperson misdemeanor). In case No. 16-CR-3205, Boyd pled guilty to two counts each of burglary (both severity level 7 person felonies) and theft (one count was a class A nonperson misdemeanor and the other a severity level 9 nonperson felony).

On April 25, 2017, the district court sentenced Boyd in all three cases. At the time of sentencing, Boyd had a criminal history score of C as defined by the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2016 Supp. 21-6801 et seq. In 16-CR-2739, the district court sentenced Boyd to 24 months' supervised probation with community corrections, with an underlying sentence of 25 months' imprisonment. In 16-CR-3011, the district court sentenced Boyd to 18 months' supervised probation with community corrections, with an underlying sentence of 28 months' imprisonment. And in 16-CR-3205, the district court sentenced Boyd to 24 months' supervised probation with community corrections, with an underlying sentence of 25 months' imprisonment. The court ordered her sentences to run consecutive to each another, which made her total underlying sentence 78 months' imprisonment.

In April 2018, the State charged Boyd with committing new crimes (fleeing or attempting to elude a law enforcement officer and possession of drug paraphernalia with intent to use) in case No. 18-CR-1002. The following month, Boyd pled guilty to the flee or elude charge (a severity level 9 person felony), while the other charge was dismissed. In her plea agreement in 18-CR-1002, Boyd "agree[d] that the plea in this case represents

2

an admission, and waiver of evidence thereof, in the pending probation violations of cases 16CR2739, 16CR3011 and 16CR3205."

In June 2018, the district court sentenced Boyd to 15 months' imprisonment in 18-CR-1002 and concluded Boyd violated her probation in 16-CR-2739, 16-CR-3011, and 16-CR-3205 when she committed a new crime. The court revoked Boyd's probation and ordered her to serve her total underlying sentence of 78 months' imprisonment. The court also ordered her prison sentences in all four cases to run consecutive.

ANALYSIS

On appeal, Boyd claims the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentences in cases 16-CR-2739, 16-CR-3011 and 16-CR-3205.

We review a district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Boyd bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

While a district court ordinarily must apply a sanction before revoking probation, there are exceptions that allow a district court to revoke probation without having previously done so. See K.S.A. 2020 Supp. 22-3716(c)(1), (c)(7). One such exception allows a district court to revoke probation without previously imposing a sanction if "the offender commits a new felony or misdemeanor while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction." K.S.A. 2020 Supp. 22-3716(c)(7)(C).

3

The district court relied on this exception in this case. Boyd pled guilty to committing a new offense while she was on probation in 16-CR-2739, 16-CR-3011, and 16-CR-3205. Further, as part of her plea agreement in 18-CR-1002, Boyd agreed that her probation would be revoked in cases 16-CR-2739, 16-CR-3011, and 16-CR-3205. Thus, the district court was well within its discretion to order her to serve her underlying sentences. Boyd does not point to any errors of law or fact in the district court's decision, nor does she show that no reasonable person would have taken the same position. Based on the record before us, we conclude the district court did not abuse its discretion.

Affirmed.